IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
MEMPHIS DIVISION

| | |
|---|---|
| CATLIN SPECIALTY INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Civil Action No. |
| MEMPHIS BELL, LLC, | ) ) ) |
| Defendant. | ) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, Catlin Specialty Insurance Company ("Catlin"), through counsel, alleges as follows:

**I. THE PARTIES**

1. Catlin is an insurance company incorporated under the laws of the State of Delaware, with its principal place of business located in Atlanta, Georgia. Catlin is a citizen and resident of the State of Delaware or of the State of Georgia for purposes of 28 U.S.C. § 1332.

2. Defendant, Memphis Bell, LLC ("Memphis Bell"), is a Limited Liability Company organized under the laws of the State of Texas, with its principal place of business at 5315 Santa Monica Street, Memphis, Tennessee, 38116-9128. Memphis Bell may be served with process in this matter by service on its Registered Agent: Victor Hugo Torres, 5315 Santa Monica Street, Memphis, Tennessee, 38116-9128. Memphis Bell is a citizen and resident of the State of Texas or the State of Tennessee for purposes of 28 U.S.C. § 1332.

## II.  VENUE AND JURISDICTION

3. A substantial part of the events giving rise to this suit occurred within the Western District of Tennessee at property (hereinafter "the property") located in Memphis, Tennessee, owned by defendant, Memphis Bell and insured under an insurance policy issued by Catlin.  Accordingly, venue is proper in this Court and in this Division pursuant to 28 U.S.C. § 1391 and  § 123, respectively.

4. This action is brought pursuant to the Declaratory Judgment Act as codified in 28 U.S.C. § 2201 and Rule 57 of Federal Rules of Civil Procedure. Jurisdiction exists in this Court also pursuant to the provisions of 28 U.S.C. § 1332.  The amount in controversy exceeds the sum of Seventy-Five Thousand and no/100 Dollars ($75,000.00), exclusive of interest and costs.

## III.  FACTS

5. On or about November 9, 2012, Catlin issued insurance policy number IMI-672107-1113 (hereinafter "the policy" or "the insurance policy" or "insurance contract") providing insurance coverage in accordance with the terms and conditions of the insurance contract, for the property owned by Memphis Bell, which property was known as Kansas Apartments and located at 1625 Kansas Street, Memphis, Tennessee, 38109,.

6. The effective date of the insurance policy was November 9, 2012 through November 9, 2013.  A true and correct copy of said policy is attached hereto as Exhibit 1.

7. At the time defendant executed a contract to purchase the property, it consisted of two 8-unit buildings and two 4-unit buildings.  Prior to closing the purchase

of the property by defendant, one of the 8-unit buildings and a portion of one of the 4-unit buildings had been damaged by fire in October, 2012.  The 8-unit building involved in the October, 2012 fire was torn to the ground by the Fire Department.  The damaged 4-unit building involved in the October, 2012 fire was partially damaged by the fire, but was still standing at the time defendant closed on the purchase of the property.  The other 8-unit building and 4-unit building were not damaged in the October, 2012 fire.  At the time defendant purchased the property, the buildings were in a dilapidated and rundown condition.  Defendant paid $12,500.00 to purchase the land and the buildings.  Defendant purchased the property for the purpose of renovating and upgrading the buildings to rent them as apartments.

8. On or about December 20, 2012, a fire occurred to the property located at 1625 Kansas Street, Memphis, Tennessee, 38109.  The fire of December 20, 2012 totally destroyed the 8-unit building and 4-unit building which had not sustained any damage in the October 2012 fire.  The other 4-unit building, which had been partially damaged in the October 2012 fire, was not damaged by the December 20, 2012 fire.

9. Prior to the fire of December 20, 2012, defendant had performed some tear-out and demolition of the buildings, but had not yet renovated and upgraded the buildings at the time of the fire loss.

10. After the fire of December 20, 2012 to the property, defendant reported the loss to plaintiff and that it was making a claim for insurance proceeds.  Plaintiff reserved its rights under the law and the terms and conditions of the insurance contract and began to investigate the loss and the claim.

11. Defendant made claim to plaintiff for payment under the insurance contract for $676,000.00 and contended such was the value of the loss to the defendant or the approximate cost to rebuild the buildings destroyed by the fire of December 20, 2012.

12. The insurance policy issued by Catlin provided coverage for the existing buildings in the maximum amount of $673,000.00 and builders risk coverage for the renovation work in the maximum amount of $200,000. The insurance contract provides Catlin would pay for the value of the property at actual cash value as of the time of the loss or damage. The loss and claim by defendant is subject to all the terms and conditions of the insurance contract.

13. Catlin retained two independent and qualified persons to determine the actual cash value, at the time of the loss, of the buildings destroyed by the December 20, 2012 fire. One person determined the destroyed buildings had an actual cash value at the time of the December 20, 2012 fire of $140,200.00. The other person determined the destroyed buildings had an actual cash value at the time of the December 20, 2012 fire of $152,116.17. Catlin averaged the two evaluations of the actual cash value of the destroyed buildings which equaled $146,158.08, applied the insurance contract $5,000.00 deductible and made payment to the defendant in the amount of $141,158.08. Catlin provided defendant copies of the evaluations of the actual cash value of the destroyed buildings. Catlin further paid the defendant $26,500.00 for demolition and debris removal costs.

14. After Catlin made payment of the actual cash value of the destroyed buildings and the demolition and debris removal costs, defendant employed FirstCall,

Inc. (hereinafter "FirstCall"), a public adjusting firm, to represent it. FirstCall then contended to Catlin, on behalf of defendant, that Catlin should pay the defendant the full coverage under the policy of $673,000.00 less the amount already paid by Catlin. The basis of FirstCall's contention was that the insurance policy was a "valued policy" under Tennessee law and Catlin was therefore obligated to pay the full amount of the policy regardless of what was the actual cash value of the buildings destroyed by the December 20, 2012 fire. Catlin rejected the contention of FirstCall and advised the policy was not a "valued policy" under Tennessee law. Catlin advised FirstCall it had paid the proper amount for the loss, which was the actual cash value of the buildings destroyed by the fire and the costs for demolition and debris removal.

15. After Catlin rejected FirstCall's position the insurance policy was a "valued policy" under Tennessee law, FirstCall contended Catlin still owed the defendant the full $673,000.00 of coverage on the destroyed buildings, less the amount previously paid by Catlin, because the actual cash value of the destroyed buildings equaled or exceeded the amount of $673,000.00.

### IV.  BASIS OF DECLARATORY RELIEF SOUGHT BY PLAINTIFF

16. An actual controversy exists between plaintiff and defendant as to whether the insurance policy is a "valued policy" under the facts and the law of Tennessee and further as to what the actual cash value was at the time of the loss of the buildings destroyed by the fire of December 20, 2012.

17. Catlin avers the insurance contract was not a "valued policy" under the facts and the law of Tennessee. Under Tennessee case law interpreting the provisions of T.C.A. § 56-7-801, et seq., since Catlin, after initially issuing the insurance policy, did

not inspect the property prior to the loss and because the loss occurred within ninety days of the issuance of the policy, the insurance policy was not "valued," but rather "open," meaning the value of the destroyed property must be established and payment made in accordance with the actual cash value of the property and the insurance contract terms and conditions.

18.     Catlin avers the actual cash value of the destroyed buildings at the time of the fire of December 20, 2012, was $146,158.08 and that the amount Catlin owed defendant under the policy, after application of the $5,000.00 deductible specified in the policy, was $141,158.08.  Catlin avers the payment it has made to the defendant for the actual cash value of the destroyed buildings and the payment made by Catlin to the defendant for the demolition and debris removal costs constitutes full payment to the defendant for the fire loss of December 20, 2012.

19.     Catlin avers should it be determined it owes any additional amount to the defendant, it should receive a credit and/or set-off against such amount to the extent of its prior payments to the defendant.

PREMISES CONSIDERED, Catlin prays as follows:

1.     That defendant be required to answer this Complaint within the time prescribed by law and appear herein;

2.     That the Court adjudicate and declare the insurance policy issued by Catlin to the defendant, at the time of the loss of December 20, 2012, was not a "valued policy" under Tennessee law and that the proper amount to be paid for the buildings destroyed by the December 20, 2012 fire is the actual cash value of the buildings at the time of the fire.

3. That this Court adjudicate and declare the actual cash value of the buildings destroyed by the fire of December 20, 2012 was $146,158.08, which amount has been paid by plaintiff to defendant and that payment, along with the $26,500.00 paid by plaintiff to defendant for demolition and debris removal costs, constitutes the full amount due to the defendant from Catlin for the fire loss of December 20, 2012.

4. That should it be determined Catlin owes any additional amount to defendant, Catlin receive a credit and/or set-off against such amount to the extent of its prior payments to the defendant.

5. That this Court award Catlin its discretionary costs and such other costs it has incurred in connection with this matter to which it is entitled under the law;

6. That the Bill of Cost of the Clerk or any Court costs be assessed to defendant.

7. For such other, further legal and equitable relief to which this Court deems Catlin is entitled.

Respectfully submitted,

*s/Gary A. Brewer*
**GARY A. BREWER**
Registration No. 004678
gbrewer@bkblaw.com
**BENJAMIN J. MILLER**
Registration No. 025575
bmiller@bkblaw.com
Attorneys for Plaintiff

**BREWER, KRAUSE, BROOKS, CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN 37202-3890
(615) 256-8787

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of April, 2014, a copy of the foregoing COMPLAINT FOR DECLARATORY JUDGMENT was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*s/Gary A. Brewer*
**GARY A. BREWER**
Registration No. 4678
gbrewer@bkblaw.com
**BENJAMIN J. MILLER**
Registration No. 025575
bmiller@bkblaw.com
Attorneys for Plaintiff
**BREWER, KRAUSE, BROOKS,
CHASTAIN & BURROW, PLLC**
P. O. Box 23890
Nashville, TN  37202-3890
(615) 256-8787

GAB:car